UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Earnest Edward Vaughn**, Sr., <br> *aka Earnest E. Vaughn,* <br> *aka Earnest E. Vaughn, Sr.,* <br> *aka Earnest Edward Vaughn,* <br> (formerly # 246912) <br><br> Plaintiff, <br><br> v. <br><br> Greenwood County Sheriff's Department; <br> Deputy Chris Hammett; Deputy Dale Kittles; <br> John Doe 1; and John Doe 2, In their Official <br> and Individual Capacities, <br> Defendants. | ) C/A No. 8:07-2022-TLW-BHH <br> ) <br> ) <br> ) <br> ) REPORT <br> ) AND <br> ) RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pre-trial detainee at the Greenwood County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. This Complaint names the Greenwood County Sheriff's Department, Deputy Chris Hammett, Deputy Dale Kittles, and two John Doe Officers of the Greenwood County Sheriff's Office as Defendants.[2] Plaintiff alleges that on June 26, 2007, Defendants "sadistically and maliciously" began to question him in violation of his Miranda rights. (Compl. at 3.) Plaintiff alleges that Defendants threatened

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

to delay his trial if Plaintiff refuses to plead guilty to a 5 year sentence.  (Compl. at 3.) Plaintiff seeks monetary damages and injunctive relief.

### Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

*Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff essentially has raised a speedy trial claim. The Sixth Amendment provides that an "accused shall enjoy the right to a speedy and public trial," and this right has been applied to the states through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213 (1967).

> The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but never the less substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*United States v. McDonald*, 456 U.S. 1, 8-9 (1982).

In determining whether the accused has been deprived of the right to a speedy trial, the court must consider four factors: 1) length of the delay; 2) reason for the delay; 3) the accused's assertion of the right; and 4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The inquiry into the length of the delay functions as a trigger mechanism for the analysis of the three other factors. *Barker v. Wingo*, 407 U.S. at 530. Although there is no fixed time in which an accused must be tried, the right to a speedy trial

may be violated where the delay is arbitrary or unreasonable. *State v. Waites*, 240 S.E. 2d 651, 653 (1978). Additionally, a delay may be so lengthy as to require a finding of presumptive prejudice, and thus trigger the analysis of the other factors. *Id*.

Once the accused has established that the delay is sufficient to warrant analysis of the other factors, the court must consider the reason for the delay. The ultimate responsibility for the trial of a criminal defendant rests with the State. *Barker v. Wingo*, 407 U.S. at 531. Therefore, the court should weigh heavily against the State any intentional delays to impede the defense. *Id*. Where the reason for the delay is more neutral, the court should weigh it less heavily against the State. *Id*. A valid reason presented by the State may justify an appropriate delay. *Id*. However, the Court must also consider and weigh the criminal defendant's contribution to the delay in determining whether the accused's Sixth Amendment rights have been violated. *Waites*, 270 S.C. at 108, 240 S.E.2d at 653 (holding accused's contribution to the delay of the trial militated against a finding of a violation of the right to a speedy trial).

Next, the Court must consider the actions of the accused in asserting the right to a speedy trial. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker v. Wingo*, 407 U.S. at 531. However, the accused's failure to assert the right, although not conclusive, makes it more difficult to show that the right was violated. *Id.*

Finally, the Court must determine whether the accused has suffered any prejudice as a result of the delay. The United States Supreme Court has said that the most serious interest to be protected by the guarantee to a speedy trial is the possibility of impairment

of the defense. "[C]onsideration of prejudice is not limited to the specifically demonstrable . . . and affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett v. United States*, 505 U.S. 647, 654 (1992). In fact, an unduly excessive delay can be presumptively prejudicial. *Id*. at 655. However, regardless of whether the defense is able to show particularized prejudice or the delay warrants a finding of presumptive prejudice, prejudice remains only one of the four factors to be considered in a speedy trial analysis. *Id*. at 656.

Plaintiff claims that he was arrested on April 3, 2007. Only three months have passed between his arrest and the filing of this Complaint. The Complaint fails to allege a delay. More specifically, the Complaint fails to allege a delay that would trigger a full analysis under *Barker v. Wingo*, 407 U.S. at 514. Plaintiff's request for monetary and injunctive relief should be dismissed as the Complaint fails to state a claim.

Also, Plaintiff brings this action alleging violation of his Miranda rights. Plaintiff states that defendants violated his Miranda rights when they "sadistically and maliciously began to question [him] . . . about [his] involvement in the drug activity in Greenwoood County." ( Compl. at 3.). It is assumed that, in making his claim, plaintiff is relying on the Supreme Court case of *Miranda v. Arizona*, 384 U.S. 436 (1966). The seminal holding of *Miranda* is that:

> there can be no doubt that the Fifth Amendment privilege [against self-incrimination] is available outside of criminal court proceedings and serves to protect persons in all settings in which their freedom of action is curtailed in any significant way from being compelled to incriminate themselves. We have concluded that without proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely. In

> order to combat these pressures and to permit a full opportunity to exercise the privilege against self-incrimination, the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored.

*Id.* at 467.

However, "[t]he right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in *Miranda v. Arizona*, is merely a procedural safeguard, and not a substantive right." *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994) (citations omitted). The *Miranda* decision does not suggest that officers who fail to observe its tenets are subject to civil liability. *See, e.g.*, *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976). Rather, "failing to follow *Miranda* procedures triggers the prophylactic protection of the exclusion of evidence, but does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999). *See Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995) ("The remedy for a *Miranda* violation is the exclusion from evidence of any ensuing self-incriminating statements."); *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir. 1989) ("[T]he remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action."). *See also, Bennett v. Passic*, 545 F.2d at 1263 (*Miranda* "requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence."); *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968) (holding that failure to give *Miranda* warnings would prevent use of statements in a criminal trial). Although plaintiff can seek to have his statements excluded from criminal proceedings against him,

he cannot recover money damages because he made statements without a lawyer present.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(i); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Bruce Howe Hendricks
United States Magistrate Judge

July 30, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).