IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Earnest Edward Vaughn, Sr., )<br>*aka Earnest E. Vaughn,* )<br>*aka Earnest E. Vaughn, Sr.,* )<br>*Aka Earnest Edward Vaughn,* )<br>*(formerly # 246912),* )<br>          )<br>          Plaintiff, )<br>          )<br>vs.          )<br>          )<br>Greenwood County Sheriff's Department; )<br>Deputy Chris Hammett; Deputy Dale )<br>Kittles; John Doe 1; and John Doe 2, In )<br>their Official and Individual Capacities, )<br>          )<br>          Defendants. )<br>_____ ) | Civil Action No.: 8:07-2022-TLW-BHH |

# ORDER

Plaintiff, Earnest Edward Vaughn, Sr. ("plaintiff"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 1983 on July 11, 2007. (Doc. #1). This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks to whom this case had previously been assigned. (Doc. #8). In the Report, the Magistrate Judge recommends that the District Court dismiss the complaint without prejudice and without issuance and service of process. (Doc. #8). The plaintiff filed objections to the report. (Doc. #9). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and

Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. In the Report, the Magistrate Judge noted that only three months had elapsed between the plaintiff's arrest and the filing of his complaint. (Doc. #8). In the objections, the plaintiff alleged that a total of seven months had passed between his arrest and the filing of his objections. (Doc. #9). The District Court, based on the record before it, concludes that the plaintiff has not shown that a seven month delay implicates the Sixth Amendment right to a speedy trial. *See* Barker v. Wingo, 407 U.S. 514 (1972). For the reasons articulated by the Magistrate Judge, the Report is hereby ACCEPTED. (Doc. #8).

    **IT IS SO ORDERED**.

                                                s/Terry L. Wooten
                                             United States District Judge

December 23, 2008
Florence, South Carolina